Filed 8/28/24  P. v. Deras CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B331034 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA080900) |
| v. | |
| SAUL DERAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael V. Jesic, Judge.  Affirmed.

Jonathan Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Saul Deras (defendant) appeals from the order denying his petition for vacatur of his attempted murder conviction and for resentencing pursuant to Penal Code section 1172.6.[1]  Defendant contends the trial court erred in finding he had not made a prima facie showing of eligibility under the statute, and the error violated his constitutional right to due process.  Finding no merit to defendant's contentions, we affirm the order.

## BACKGROUND

**Defendant's plea and sentencing**

In 2015, defendant was charged with the attempted murder of Robert U. (§§ 664, 187, subd. (a)) with a gang enhancement allegation (§ 186.22, subd. (b)(1)(C)) and several firearm allegations alleged under section 12022.53.  On February 24, 2017, defendant entered into a plea agreement under which he pled no contest to the charge, admitted the gang enhancement allegation, and admitted an allegation pursuant to section 12022.5 that he personally used a firearm in the commission of the crime.  Pursuant to the agreement, defendant was sentenced to prison for a total term of 27 years.

**Section 1172.6 petition**

In October 2022, defendant filed a petition for vacatur of his attempted murder conviction and resentencing pursuant to section 1172.6.  Section 1172.6 provides a procedure to petition for retroactive vacatur and resentencing for those who could not be convicted of murder under sections 188 and 189 as amended

---

[1]    All further unattributed code sections are to the Penal Code unless otherwise stated.

2

effective January 1, 2019.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, were amended "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  Effective January 1, 2022, the resentencing procedure was extended to those convicted of attempted murder under the natural and probable consequences doctrine.  (Stats. 2021, ch. 551, § 2; see § 1172.6, subd. (a).)

Defendant's petition contained the three conditions for relief specified in subdivision (a) of section 1172.6, by alleging the charging document for attempted murder allowed the prosecution to proceed under the natural and probable consequences doctrine, he was convicted of attempted murder after accepting a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and he could not presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019.

The trial court appointed counsel for defendant, and the parties submitted briefing.  On June 1, 2023, the trial court found defendant had not made a prima facie showing for relief under section 1172.6 and denied the petition.

Defendant filed a timely notice of appeal from the order denying the petition.

## DISCUSSION

Defendant contends the trial court erred in relying on facts in the transcript of his preliminary hearing. He also contends that as his petition was adequately pleaded, the court should have issued an order to show cause and set an evidentiary hearing.

The trial court relied primarily on portions of the testimony of the victim reported on pages 14, 20 and 21 of the preliminary hearing transcript. The court explained, in those excerpts the victim identified defendant and testified defendant reached into a bag, pulled out a gun, pointed it, and shot the victim once in the neck. The victim also testified defendant had challenged him to a fight, he accepted, and they went into an alley followed by spectators consisting of the victim's friend and defendant's companions. The court concluded defendant was the actual and only shooter and thus did not qualify for resentencing under section 1172.6. Defendant did not allege in his petition, his brief or in argument that he was not the actual or sole shooter.

As defendant's petition was facially sufficient, the trial court properly appointed counsel, entertained briefing, and then proceeded to a hearing to determine whether defendant had made a prima facie showing of eligibility under section 1172.6, subdivision (c), *Lewis, supra,* 11 Cal.5th at pages 957, 960, 971, and *People v. Strong* (2022) 13 Cal.5th 698, 708. At this stage, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.) Although a court is permitted to consider the petitioner's record of conviction in making its determination, "the prima facie inquiry . . . is limited. . . . "'[T]he

4

court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause.'"'" (*Ibid*.)

"'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra*, 11 Cal.5th at p. 971.) However, the trial court may deny the petition at the prima facie stage of the proceedings only when the facts in the record of conviction *conclusively* refute the allegations of the petition. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) It must also do so without resort to "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972.) When a petitioner was convicted after a jury trial, for example, courts have found petitioners ineligible for relief as a matter of law where the record of conviction shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251; *People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

There are, of course, no jury instructions when a defendant has been convicted following a pretrial plea. With regard to convictions based upon a plea, *Lewis* did not specify the kind of facts that must be included in the record of conviction at the prima facie stage to justify a credibility determination adverse to the petitioner without resort to factfinding involving the weighing of evidence. (See *Lewis, supra*, 11 Cal.5th at pp. 971-972.) As defendant acknowledges, there is disagreement among Courts of Appeal on whether or not a trial court may consider the

5

preliminary hearing transcript at the prima facie stage when the conviction was based upon a plea.

The first published opinion addressing the issue after the publication of *Lewis, supra*, 11 Cal.5th 952 was *People v. Davenport* (2021) 71 Cal.App.5th 476. However, *Davenport*'s ruling on the issue was limited: "[T]he trial court erred in considering facts from the preliminary hearing transcript . . . because Davenport did not stipulate to the transcript as a factual basis for his plea." (*Id*. at p. 481.)

Whether a trial court can summarily deny a petition based on documents to which the petitioner *did* stipulate as providing a factual basis for his plea was subsequently addressed in *People v. Flores* (2022) 76 Cal.App.5th 974 (*Flores*). After acknowledging a conflict in cases decided prior to *Lewis*, "on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing" (*Flores*, at p. 989),[2] the *Flores* court concluded that "it is now well-settled that the prima facie determination is a question of law" (*Flores*, at p. 991, citing *Lewis, supra*, 11 Cal.5th at p. 966). *Flores* held although the preliminary hearing transcript is part of the record of conviction, it may be considered at the prima facie stage only if it establishes ineligibility as a matter of law, for example with evidence of the petitioner's admissions. (*Flores*, at pp. 989 & fn. 11, 991-992.) We independently review the trial court's prima facie determination that a petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

---

[2]     See, e.g., *People v. Rivera* (2021) 62 Cal.App.5th 217, review granted June 9, 2021, S268405, and *People v. Nguyen* (2020) 53 Cal.App.5th 1154.

6

The issue has been pending before the California Supreme Court in *People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*), since review was granted on June 28, 2023, S279670. The court stated the issue as: "Did the trial court engage in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's Penal Code section 1172.6 petition at the prima facie stage? (See *People v. Lewis* (2021) 11 Cal.5th 952.)" (*People v. Patton, supra*, S279670 [Supreme Court Web site case summary].) The same issue is before the court in *People v. Pickett* (2023) 93 Cal.App.5th 982 (*Pickett*), review granted October 11, 2023, S281643 (held for decision in *Patton*) and *People v. Mares* (2024) 99 Cal.App.5th 1158 (*Mares*), review granted May 1, 2024, S284232 (same).

In *Patton*, Division 3 of this District held the preliminary hearing transcript was part of the record of conviction. (*Patton, supra*, 89 Cal.App.5th at p. 657, review granted.) The court upheld the denial of a section 1172.6 petition at the prima facie stage based on preliminary hearing testimony in which police officers testified they viewed surveillance video showing the defendant was the sole perpetrator, standing near the victim firing a gun several times at him. (*Ibid.*) The defendant never offered any theory or facts, either in the trial court or on appeal that might have suggested there was another shooter. (*Ibid.*) The court affirmed because "[t]he sworn testimony of police officers, based on surveillance video of the crime, that Patton committed the shooting was and is uncontroverted. '[N]o factfinding, weighing of evidence, or credibility determinations' were or are necessary here. '[T]he record of conviction irrefutably establishes as a matter of law that' Patton was convicted as the actual perpetrator of the attempted murder." (*Id* at p. 658.)

7

In *Pickett*, the trial court denied the defendant's section 1172.6 petition at the prima facie stage after finding ineligibility based upon uncontradicted preliminary hearing testimony of two witnesses who saw the defendant conversing with the victim for several minutes, pull out a gun and fire it into the air. After the witnesses ran away there were two more shots. One witness looked back and saw the victim lying on the ground. The defendant later said he would shoot anyone who "'snitched.'" (*Pickett, supra*, 93 Cal.App.5th at p. 986, review granted.) Division 1 of this District held the preliminary hearing testimony was part of the record of conviction and contained uncontroverted evidence that defendant was the actual killer and acted alone. (*Id.* at pp. 988-990.) The court affirmed the denial of the petition as defendant did not file a brief, nor did he allege or suggest he was not the actual killer, that another person fired the fatal shot, or that he acted without the intent to kill. (*Id.* at pp. 990-991.)

In *Mares, supra*, 99 Cal.App.5th 1158, 1167-1168, review granted, the Fourth District affirmed the denial of a petition at the prima facie stage, not because evidence adduced at the preliminary hearing showed he was the actual killer, but because there no evidence in the preliminary hearing transcript to suggest that he was not the actual killer or even that he was or had an accomplice. Thus the defendant alleged he could not presently be convicted of attempted murder because of the changes to section 188 or 189, as required by section 1172.6, subdivision (a)(3), but the record of conviction, the petition, and the hearing to determine whether defendant had made a prima facie showing of eligibility under subdivision (c), were all devoid of facts supporting that conclusory allegation. (*Id.* at p. 1168-1169.) The *Mares* court concluded that "a trial court can properly

8

deny a petition at the section 1172.6, subdivision (c) prima facie hearing by relying on a record of a conviction that unambiguously precludes a conclusory assertion that the petitioner could not be convicted today because an accomplice liability theory of murder was invalidated." (*Id.* at p. 1161.)

*Mares* acknowledged that its approach differed from "*Patton* and *Pickett*[, which] hold that a court may conclude a guilty-plea defendant *was* the actual killer from an uncontradicted preliminary hearing record, precluding a section 1172.6 prima facie case." (*Mares, supra*, 99 Cal.App.5th at p. 1174, review granted.) The court explained that although "the same uncontradicted record evidence refutes Mares's conclusory claim in his section 1172.6 petition that he would not be convicted today 'because of' Senate Bill 1437[, its] approach clarifies that no factfinding is needed to reject the petition, as a court need not find any individual fact in the preliminary hearing was true, only that the claim that Senate Bill 1437 could matter is unsupported by the record." (*Ibid.*)

Defendant argues that following *Patton*, *Pickett*, and *Mares* would impermissibly create a rebuttable presumption of ineligibility so long as substantial evidence at the preliminary hearing supports a finding that an attempted murder conviction remains valid under current law. Defendant also suggests that the approach in *Mares* would require a petitioner to put forth a theory of eligibility and submit substantial evidence to support the theory at the prima facie stage, all before an evidentiary hearing has been ordered.

We agree a petitioner must not be required to submit evidence, or to make an offer of proof in the absence of facts refuting the sufficiently pleaded allegations of the petition. (See

9

*Lewis, supra*, 11 Cal.5th at p. 971.) We also agree with *Patton* and *Pickett* that the preliminary hearing transcript is part of the record of conviction and where uncontradicted testimony shows a defendant is ineligible for relief under section 1172.6, the petitioner must allege or refer to the existence of facts that would raise a factual issue. (See *Pickett, supra*, 93 Cal.App.5th at p. 990, review granted; *Patton, supra*, 89 Cal.App.5th at p. 657, review granted.) As defendant has not done so here, he has failed to make a prima facie case for relief. The trial court did not err in declining to issue an order to show cause. (See § 1172.6, subd. (c).)[3]

After this appeal was fully briefed defendant notified the court pursuant to rule 8.254 of the California Rules of Court of the recently published opinion from the Fifth District, *People v. Williams* (2024) 103 Cal.App.5th 375 (*Williams*), which involves a trial court's use of preliminary hearing evidence to summarily deny a resentencing petition. In *Williams* the petitioner pled no contest to the attempted murder of one victim and the second degree robbery of a second victim, and defense counsel stipulated to the preliminary hearing for a factual basis in addition to facts offered by the prosecutor. (*Id.* at pp. 383-384.) The victims in that case testified without contradiction that the petitioner

---

[3] Defendant contends that neither the plea, admissions to enhancement allegations, nor the magistrate's ruling holding defendant to answer prevents him from making a prima facie showing of eligibility. (See *Flores, supra*, 76 Cal.App.5th at p. 987 [plea]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975-976 [magistrate's ruling]; *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [enhancements].) We agree, but as that does not change our analysis, we do not discuss these contentions.

entered their minivan, pointed a gun at their heads, robbed one of them and shot the other in the face.  (*Id*. at p. 383.)

Relying primarily on the analysis of *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*), the *Williams* court held that preliminary hearing testimony, even if uncontradicted, is insufficient to refute allegations of the petition which were adequate to state a prima facie showing of eligibility under section 1172.6, unless it "'conclusively establishes every element of the offense' under a valid theory." (*Williams*, *supra*, 103 Cal.App.5th at p. 395, quoting *Curiel, supra*, at p. 463.)

*Curiel* was not a plea case.  It involved a denial at the prima facie stage of a section 1172.6 petition brought by a defendant who was not the actual perpetrator and who had been convicted after a jury trial.  (*Curiel, supra*, 15 Cal.5th at pp. 440, 442, 445-446.)  The jury had been instructed on the now invalid natural and probable consequences doctrine as well as the still valid theory of direct aiding and abetting.  (*Id*. at pp. 446, 452.) The California Supreme Court held the jury necessarily found the defendant harbored an intent to kill when it found true a special circumstance following an instruction requiring it to find that element.  (*Id*. at pp. 453-454.)  However, this was insufficient to establish that the jury found the other elements of direct aiding and abetting, rather than relying on the natural and probable consequences to convict him.  (*Id*. at pp. 463-464.)

As the *Williams* dissent points out the majority's finding that *Curiel* is controlling because there was no contrary indication, as well as the majority's expansion of *Curiel* beyond its factual parameters on the ground that nothing suggests the rule would not apply, is contrary to the "'well settled [rule] that language contained in a judicial opinion is "'to be understood in

11

the light of the facts and issue then before the court, and an opinion is not authority for a proposition not therein considered.""'" (*Williams, supra*, 103 Cal.App.5th at p. 410 (dis. opn. of Meehan, J.), quoting *People v. Banks* (1993) 6 Cal.4th 926, 945.) We observe the California Supreme Court itself warned in *Curiel* that its holding applied only to cases decided under jury instructions such as those given in that case, where the jury could have relied on the natural and probable consequences doctrine, and would not necessarily apply to other cases. (*Curiel, supra*, 15 Cal.5th at pp. 470-471.)

In sum, we find nothing in the *Williams* majority opinion that persuades us to disagree with *Pickett, supra*, 93 Cal.App.5th at page 990, review granted, and *Patton, supra*, 89 Cal.App.5th at page 657, review granted.

Finally, defendant contends the trial court's denial of the petition without issuing an order to show cause for an evidentiary hearing contravened the terms of the new law and denied him of the right to present evidence at such a hearing, which violated his right to due process. We have found no violation of law and thus find no violation of defendant's right to due process.

## DISPOSITION

The June 1, 2023 order denying the Penal Code section 1172.6 petition is affirmed.

CHAVEZ, J.

We concur:

LUI, P. J.                              HOFFSTADT, J.

12